UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|   |   |   |
|---|---|---|
| ANTHONY SEVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| -vs- | ) | Hon. _____ |
| | ) | |
| COURT OFFICERS PHILIP BARACH and HAROLD MARSHALL in their individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

_____/

Tyler M. Joseph (P80934)
Jonathan R. Marko (P72450)
Attorneys for Plaintiff
MARKO LAW, PLC
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: 313.965.5555
Fax:   313.965.5556
Email:  jon@ernstmarkolaw.com
        tylerjoseph@ernstmarkolaw.com
_____/

## **COMPLAINT AND JURY REQUEST**

NOW COMES the above named Plaintiff, by and through his attorneys, Marko Law, PLC, and for his Complaint against the above-named Defendants, state as follows:

## **INTRODUCTION**

1

1. This is an action for money damages brought pursuant to 42 USC §1983 and 1988, and the 4th, 1st and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within the City of Royal Oak, County of Oakland, State of Michigan.

3. Jurisdiction is based upon 28 USC § 1331, and 1343.

4. Venue is proper under 28 USC § 1391(b).

## PARTIES

5. Plaintiff ANTHONY SEVY (hereinafter Plaintiff) is a citizen of the State of Michigan and resides in Royal Oak, Michigan.

6. Upon information and belief, the individually named Defendants COURT OFFICER PHILIP BARACH and COURT OFFICER HAROLD MARSHALL (hereinafter "Defendant Barach" and "Defendant Marshall") are citizens of the state of Michigan and, at all times relevant to this lawsuit, were employed as court officers at the 44th District Court in Royal Oak, Michigan and are sued in their individual capacities.

## COMMON FACTUAL ALLEGATIONS

7. On February 13, 2017, Plaintiff was in the 44th District Court in the City of Royal Oak attempting to pay a ticket.

8. Plaintiff initially went to the 44th District Court to inquire into his payment options and had an uneventful conversation with the Court Clerk.

9. Plaintiff was informed of his options, including that payment by debit card carried a $1.75 processing fee, and the Clerk told Plaintiff that payment in coins was allowed as long as they were rolled.

10. Plaintiff then left the 44th District Court without incident and returns at a later time to pay in rolled pennies and symbolically protest the 44th District Court's payment policies.

11. After some discussion between Plaintiff and the clerk, Plaintiff was approach by Defendants Barach and Marshall and asked to leave the premise.

12. As Plaintiff was leaving the Court, Defendants followed behind him and once Plaintiff had exited the first doors of the lobby, Defendant Barach grabbed Plaintiff from behind and assaulted and battered Plaintiff by choking him and throwing him to the ground with such force that he defecated himself.

13. Plaintiff did not in any way provoke the aforementioned actions taken by Defendants Barach and Marshall. Plaintiff was voluntarily leaving the premises.

14. At one point, Defendant Barach had a grasp upon Plaintiffs neck for up to 20 seconds before other officers convinced him to let go.

15. Plaintiff was then hand cuffed and escorted to the elevator where he was forced to his knees and his head slammed into and held in the corner.

16. Plaintiff was then taken to a holding cell inside the 44th District Court.

## COUNT I
## 42 U.S.C. §1983 – VIOLATION OF THE 4TH AND 14TH AMENDMENTS

17. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

18. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

19. The degree of force used by the Defendants was objectively unreasonable and excessive in light of the circumstances.

20. The conduct of the Defendants in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

21. On February 13, 2017, Defendants, without probable cause, arrested the plaintiff for Obstructing or Opposing Law Enforcement.

22. At all times relevant, Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

23. The conduct of the Defendants violated 42 U.S.C. §1983.

24. By violating Plaintiff's constitutional right under the Fourth Amendment, Defendants acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's constitutional rights.

25. The constitutional right which the Defendants violated was clearly established at the time that the violation occurred and a reasonable person in the Defendants' position would have understood that the conduct violated said right.

26. Defendants are therefore not entitled to qualified immunity.

27. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a. Head trauma;

    b. Physical pain and suffering and discomfort, past, present and future;

    c. Mental anguish;

    d. Fright and shock;

    e. Denial of social pleasures and enjoyment;

    f. Embarrassment, humiliation or mortification;

      g.    Medical bills and expenses;

      h.    Other economic loss;

      i.    Any and all injuries later discovered or otherwise allowed under Michigan law.

28.    By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT II
## 42 U.S.C. §1983 – VIOLATION OF THE 1ST AND 14TH AMENDMENTS

29.    Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30.    Plaintiff was exercising his right to free speech and protest immediately prior to his unlawful seizure.

31.    Plaintiff was within his rights to question the payment policies of the 44th District Court and did so in a lawful and peaceable manner.

32.    Defendants' actions directly interfered with Plaintiff's free expression of speech, press, and/or association.

33. Defendants' use of unlawful excessive force, unlawful seizure, unlawful detention, and later malicious prosecution, were all in retaliation against Plaintiff's exercise of free speech and protest.

34. Plaintiff has the right to be free of retaliatory action motivated by his exercise of his First Amendment rights.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT III
## 42 U.S.C. §1983 – UNLAWFUL ARREST WITHOUT PROBABLE CAUSE

35. At all times relevant, Plaintiff conducted himself in a lawful manner exercising his right to free speech and protest.

36. Plaintiff was attempting to leave the 44th District Court when Defendant Barach grabbed Plaintiff from behind and wrestled him to the ground, choked him, and caused Plaintiff to defecate himself.

37. Neither Defendant Barach nor Defendant Marshall had actual knowledge nor reasonably trustworthy information that Plaintiff had or was about to commit a crime.

38. A reasonably cautious person in the circumstances would have believed that Plaintiff had not committed a crime nor was intending to commit a crime.

39. A reasonably cautious person in the circumstances would have believed that Plaintiff was attempting to leave the premises.

40. Defendants were without probable cause in the assault, battery, arrest, detention, and prosecution of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully Submitted,

/s/ Tyler M. Joseph

Tyler M. Joseph (P80934)
Jonathan R. Marko (P72450)
Attorneys for Plaintiff
MARKO LAW, PLC
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: 313.965.5555
Fax:    313.965.5556
Email:  jon@ernstmarkolaw.com
        tylerjoseph@ernstmarkolaw.com

Dated: November 22, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2017, I served the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record.

*/s/ Katie L. Williams*

8

## **REQUEST FOR JURY TRIAL**

Plaintiff, by and through his attorneys, Marko Law, PLC, hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

_____
Tyler M. Joseph (P80934)
Jonathan R. Marko (P72450)
Attorneys for Plaintiff
MARKO LAW, PLC
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: 313.965.5555
Fax:    313.965.5556
Email:  jon@ernstmarkolaw.com
        tylerjoseph@ernstmarkolaw.com

Dated: November 22, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2017, I served the foregoing paper to this Court's ECF System which will send notification of such filing to the above listed attorneys of record.

*/s/ Katie L. Williams*
Katie L. Williams