UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SEVY,

    Plaintiff,

v.

PHILIP BARACH and HAROLD
MARSHALL,

    Defendants.

Case No. 17-13789
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER OVERRULING DEFENDANTS' OBJECTIONS [29]

    Magistrate Judge Anthony P. Patti recently ordered Defendants and non-party 44th District Court to produce Defendants' employee files (less any personal information like addresses or phone numbers) no later than September 18, 2018. (ECF No. 28, PageID.162.) Magistrate Judge Patti found that the employee files may contain past incidents of misconduct or discipline. And past incidents are relevant to Plaintiff's prayer for punitive damages.

    Defendants object to Judge Patti's ruling. (ECF No. 29, PageID.170.) Defendants say his ruling misreads controlling Supreme Court and Sixth Circuit precedent. (*Id.*) So the ruling hinges on a legal error. (*Id.*) And according to Defendants, a magistrate judge's alleged legal error gives the Court leeway to conduct a plenary review of the decision (*Id.*)

    This is a "nondispositive" discovery dispute that the Court reviews under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) And for discovery disputes such as this, the statute is often read to permit review for abuse of discretion. *See* Charles Alan Wright, et al., *Practice and Procedure with Regard to Nondispositive Matters*, 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.)

("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.") *see also Arucan v. Cambridge East Healthcare/Sava Seniorcare LLC*, No. 16-12726, 2018 U.S. Dist. LEXIS 508, at *2 (E.D. Mich. Jan. 3, 2018). Abuse of discretion means the magistrate judge's decision must leave the Court "with the definite and firm conviction" the magistrate judge made a "clear error of judgment." *Hall v. Liberty Life Assur. Co.*, 595 F.3d 270, 275 (6th Cir. 2010) (internal quotations omitted). So the Court will review Magistrate Judge's Patti's decision for an abuse of discretion.

Defendants say the employee files are not relevant and therefore not discoverable. Magistrate Judge Patti held otherwise. And he did not make "a clear error of judgment."

The employee files are relevant because Sevy seeks punitive damages. To establish entitlement to punitive damages, Sevy needs to underscore the "degree of reprehensibility of the defendant's conduct." *Bmw of N. Am. v. Gore*, 517 U.S. 559, 575 (1996). And "repeated misconduct is more reprehensible than an individual instance of malfeasance." *Id.* at 577. Sevy wants Defendants to produce the employee files solely to see if Barach and Marshall are repeat offenders. And *Gore* supports Sevy's logic. *Id.* at 576 ("[E]vidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law.") Other case law does, too. *See, e.g.*, *Martinez v. Stockton*, 132 F.R.D. 677, 683 (E.D. Cal. 1990). So Magistrate Judge Patti did not err in holding that, at this stage of the case, the files (minus addresses and phone numbers) are at least discoverable.

Defendants arguments to the contrary are not persuasive. First Defendants say *Gore* is distinguishable. (ECF No. 29, PageID.173–174.) But the relevant portion of *Gore* is right on point:

it discusses the elements of a punitive damages claim and indicates that past instances of misconduct are relevant to a claim for punitive damages. *See Gore*, 517 U.S. at 575–77. Then Defendants cite *Franklin v. Messmer*, 111 F. App'x 386, 388 (6th Cir. 2004), for the proposition that an officer's prior bad acts are not relevant to alleged present ones. (ECF No. 29, PageID.175.) But *Franklin* discusses the relevance of prior bad acts in the context of an excessive-force claim, not punitive damages. *See* 111 F. App'x at 388 (holding that prior bad acts offered to show an officer's subjective intent are not relevant to an excessive force claim which asks only whether the officer's actions were objectively reasonable in light of the circumstances). *Franklin* is thus inapposite. So Defendants offer nothing that leaves the Court with a "definite and firm conviction" that Magistrate Judge Patti made "a clear error of judgment"

Thus, Defendants objections (ECF No. 29) are OVERRULED and the Court ORDERS Defendants to produce the employee files within seven days of entry of this Order.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: October 29, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, October 29, 2018, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager