UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SEVY,

                Plaintiff,

v.

PHILIP BARACH and
HAROLD MARSHALL,

                Defendant.
_____/

Case No. 2:17-cv-13789
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING IN PART and DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT GERALD SHIENER (DE 36)**

This lawsuit concerns the events of February 13, 2017, on which date Plaintiff alleges he was assaulted and battered. (DE 1 ¶ 12.) Plaintiff's 42 U.S.C. § 1983 causes of action are based on the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as unlawful arrest without probable cause. (DE 16 ¶¶ 17-40.)

Currently before the Court is Defendants' December 31, 2018 motion to strike Plaintiff's expert Gerald Shiener, attached to which are the report and deposition testimony of Gerald A. Shiener, M.D. (DEs 36, 36-11, 36-12.) Plaintiff has filed a response (DE 39), and Defendants have filed a reply (DE 41). Judge Michelson referred this motion to me for hearing and determination, and a hearing

1

was held on February 8, 2019, at which attorneys Ali W. Charara and T. Joseph Seward appeared.  Following oral argument, the Court issued its ruling from the bench.

For the reasons stated on the record, all of which are incorporated herein by reference, Defendants' motion to strike Plaintiff's expert Gerald Shiener (DE 36) is **GRANTED IN PART** and **DENIED IN PART**.  While the Court is cognizant of the case law discussed during the hearing, it is important to note that Dr. Shiener's opinion relates to mental, not physical, injury.  Therefore, reliance upon some amount of subjective reporting by the patient is expected.  Moreover, Dr. Shiener supports his diagnosis with objective observations, as described in his mental status examination.  Thus, it is not unduly speculative.  (*See* DE 36-11 at 5.) Accordingly, while some inconsistencies exist between the actual facts of the case and some of the report's statements, the essential facts are consistent and materially corroborated, and <u>the June 11, 2018 report of Gerald A. Shiener, M.D. (DE 36-11) is, as to the *diagnosis* of post-traumatic stress disorder (PTSD), "based on sufficient facts or data[.]"  Fed. R. Evid. 702(b)</u>.

However, while most of the inconsistencies are immaterial and do not deprive the opinion of "sufficient facts or data" (and may be attacked through cross-examination to undermine their weight or credibility), the same cannot be said about the timing discrepancy.  Specifically, Dr. Shiener's report describes the

event in question as having occurred on February 13, 2016, when the complaint alleges that it took place on February 13, 2017. (*Compare* DE 36-11 at 2, 6; DE 1 ¶ 12.) Thus, Dr. Shiener's statement that Plaintiff's "symptoms have been persistent for a period of more than 18 months portends a poor prognosis for further recovery[,]" (DE 36-11 at 6), is foundationally inaccurate and material to Dr. Shiener's conclusion regarding Plaintiff's prognosis. Although the report is dated June 11, 2018, the psychiatric evaluation took place on November 21, 2017. Stated otherwise, at the time of the evaluation, it had only been 281 days (or approximately 9 months) since the incident in question. As such, <u>the materially inaccurate *prognosis* must be excluded, as it is not "based on sufficient facts or data[.]" Fed. R. Evid. 702(b)</u>.

That being said, Plaintiff's counsel: **(a)** *may*, no later than **Friday, March 1, 2019,** provide defense counsel with an affidavit or declaration from Dr. Shiener, which indicates his understanding of the erroneous date (February 13, 2016) and states whether his conclusion as to prognosis is affected or changed by the accurate information (February 13, 2017); **(b)** *must*, no later than **Friday, February 22, 2019,** provide copies of Form 1099s his firm has provided to Dr. Shiener over the past 5 years; and, **(c)** *must*, no later than **Friday, March 1, 2019,** provide a list of cases in which Dr. Shiener, for the past 4 years, has participated in a lawsuit either by providing a report or by testifying at a deposition or trial, consistent with Fed.

R. Civ. P. 26(a)(2)(B)(v).  Finally, Defendants will be permitted to re-depose Dr. Shiener on these three discrete areas (although Defendants may not re-depose him on his understanding of the erroneous date unless he opts to provide the above-described affidavit or declaration), with Plaintiff's counsel bearing the related expense for Dr. Shiener's time.

**IT IS SO ORDERED.**

Dated: January 18, 2019            s/*Anthony P. Patti*
                                                Anthony P. Patti
                                                UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 11, 2019, electronically, and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable Anthony P. Patti