UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SEVY,

          Plaintiff,

-vs-

COURT OFFICERS PHILIP BARACH
and ~~HAROLD MARSHALL~~, in their
individual capacities,

         Defendants.

Case No. 2:17-cv-13789
Hon. Laurie J. Michelson
Mag. Judge Anthony P. Patti

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

KALI M. L. HENDERSON (P76479)
T. JOSEPH SEWARD (P35095)
**SEWARD HENDERSON, PLLC**
Attorneys for Defendants
210 East 3rd Street, Suite 212
Royal Oak, MI  48067
P: (248) 733-3580 / F: (248) 733-3633
khenderson@sewardhenderson.com
jseward@sewardhenderson.com

## <u>PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND PURSUANT TO 42 U. S. C. § 1988</u>

NOW COMES Plaintiff, through his attorney and pursuant to 42 U.S.C. § 1988 moves for an award of attorney fees and expenses, and in support of his petition declares as follows:

1.      Plaintiff obtained a unanimous jury verdict on July 6, 2022, for his § 1983 excessive force claim.

2.      The jury was presented with one issue in liability: (1) Did Defendant use excessive force against Plaintiff?

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

3.      The jury returned a verdict in favor of Plaintiff and against the Defendant on the excessive force claims and awarded actual damages in the amount of $3,000.

4.      As such, Plaintiff is the prevailing party and is entitled to costs, including attorney fees, pursuant to Fed.R.Civ.P. 54(d)(2), 42 U.S.C. § 1988(b), and LR 54.1.2 in the following amounts:

> a.      Attorney fees: $474,380.00 (**Exhibit 1, Affidavit of Marko; Exhibit 2, Detailed Hours**)
>
> b.      Costs: $28,075.68 (**Exhibit 3, Detailed Costs**)
>
> c.      Interest: to be determined by the Court[1]

WHEREFORE, for the reasons set forth in the accompanying brief and pursuant to Fed.R.Civ.P. 54(d)(2), 42 U.S.C. § 1988(b) and LR 54.1.2, Plaintiff respectfully request that the Court enter an Order awarding him costs, including attorney and paralegal fees, in the amount of $502,455.68 plus prejudgment interest to be determined by Court.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date:  August 3, 2022

---

[1] Prejudgment interest is calculated on the award of attorney fees and costs as well as the judgment. Since the Court has not entered a judgment at this time on Plaintiff's Motion, the full amount to which interest attaches and the date through which interest runs has not been determined. Thus, the date the Court enters a Judgment on Costs, including attorney fees, is the final date for calculation of prejudgment interest pursuant to MCL 600.6013(8).

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SEVY,

          Plaintiff,

-vs-

COURT OFFICERS PHILIP BARACH
and ~~HAROLD MARSHALL~~, in their
individual capacities,

          Defendants.

Case No. 2:17-cv-13789
Hon. Laurie J. Michelson
Mag. Judge Anthony P. Patti

| | |
|---|---|
| JONATHAN R. MARKO (P72450) | KALI M. L. HENDERSON (P76479) |
| **MARKO LAW, PLLC** | T. JOSEPH SEWARD (P35095) |
| Attorney for Plaintiff | **SEWARD HENDERSON, PLLC** |
| 1300 Broadway Street, Fifth Floor | Attorneys for Defendants |
| Detroit, MI 48226 | 210 East 3rd Street, Suite 212 |
| P: (313) 777-7529 / F: (313) 771-5785 | Royal Oak, MI 48067 |
| jon@markolaw.com | P: (248) 733-3580 / F: (248) 733-3633 |
| | khenderson@sewardhenderson.com |
| | jseward@sewardhenderson.com |

## **PLAINTIFF'S BRIEF IN SUPPORT MOTION FOR AWARD OF ATTORNEY FEES AND PURSUANT TO 42 U. S. C. § 1988**

MARKO LAW.COM

1300 BROADWAY ST। 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

⟮JM⟯ MARKO LAW

1

## <u>TABLE OF CONTENTS</u>

Index of Authorities ........................................................................................iii

Introduction ....................................................................................................1

Argument ........................................................................................................2

    I.    Plaintiff is Entitled to an Award of Attorney Fees Under
        42 U.S.C. § 1988(b).........................................................................2

        A.    The Policy Behind § 1988 ...........................................................3

        B.    Plaintiff is the "Prevailing Party" Under § 1988 and No
              "Special Circumstances" are Present to Support the Denial
              of Fees ...........................................................................................4

    II.    General Law on Attorney Fees..................................................................6

        A.    The Rate of Plaintiff's Counsel is Reasonable...............................8

              1.    The prevailing market rate as based on the 2020
                    Economics of Law Survey .................................................8

                    a.    The Reasonable Rate for Jonathan Marko ..............9

                    b.    The Reasonable Rate for Tyler Joseph ...................13

                    c.    The Reasonable Rate for Charles Kirsten ...............13

        B.    The Number of Hours Submitted by Marko Law, PLLC
              Are Reasonable .........................................................................14

               1.    Counsel has submitted sufficiently itemized and
                    detailed billing entries ........................................................14

               2.    It is reasonable to bill for multiple attorneys' work
                    on a case .............................................................................15

               3.    The award need not be proportioned...................................17

               4.    Reasonable attorney would believe the hours to be
                    reasonably expended ..........................................................17

i

5.      Hours incurred for mock trial are compensable
        under 42 U.S.C. § 1988......................................................18

6.      The out-of-pocket expenses Plaintiff incurred in
        conducting the mock trial are recoverable as attorney
        fees under 42 U.S.C. § 1988 ..............................................19

C.      Plaintiff is Entitled to Paralegal Fees .............................................21

1.   The reasonable rate for Melinda Morisset ...............................21

III.    Plaintiff is Entitled to Prejudgment Interest .............................................22

Conclusion .................................................................................................................23

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

ii

## <u>INDEX OF AUTHORITIES</u>

<u>Cases</u>

*Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.2000) ...........................8

*Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co.*, No. 01-2133-GV,
2003 U.S. Dist. LEXIS 10386, 2003 WL 223082, at *3 (W.D. Tenn.
Jan. 28, 2003)................................................................................................................17

*BD v. DeBuono*, 177 F.Supp.2d 201, 204 (S.D.N.Y. 2001) ..................................... 18, 20

*Berger v. City of Mayfield Heights*, 265 F.3d 399, 406-07 (6th Cir. 2001) ...................2

*Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)...............8

*City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d
449 (1992)........................................................................................................................6

*City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S. Ct. 2686, 91 L. Ed. 2d
466 (1986)................................................................................................................3, 17

*Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005) ...........................................6

*Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 954 F. 2d 1263, 1274
(6th Cir. 1992) ..............................................................................................................22

*Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser* Co.,
No. 00-cv-1693-A, 2003 WL 23715982, at *8 n.12 (D. Or. Oct. 27, 2003)................19

*Déjà vu v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417,
420 (6th Cir. 2005) .........................................................................................................2

*Dowling v. Litton Loan Servicing, L.P.*, No. 5-CV-98, 2008 WL 906042,
at *2 (S.D. Ohio Mar. 31, 2009), *aff'd*, 320 F. App'x 442 (6th Cir. 2009)....................15

*Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)...................4

*Garcia v. Renaissance Global Logistics*, LLC, No. 10–CV–13122, 2012
WL 1130543, at *3 (E.D.Mich. Apr.4, 2012) ................................................................9

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993); *Lawler v. Teofan*,
807 F.2d 1207, 1212, n. 3 (5th Cir. 1987) ......................................................................8

iii

*Gisbrecht v. Barnhart,* 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)....................................................................................7

*Glover v. Johnson*, 138 F.3d 229, 252 (6th Cir. 1998)................................16

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1977) ..........................4

*Hensley v. Eckerhart*, 461 U.S. 424, (1983)..........................................6, 7, 19

*Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014) ...........2, 4, 5, 6

*Howes v. Med. Components*, Inc., 761 F.Supp. 1193, 1199–1200 (E.D. Pa. 1990).....................................................................................18

*Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761, 109 S. Ct. 2732, 105 L. Ed. 2d 639 (1989)..................................................................2

*Jones v. Central Soya, Co.,* 748 F.2d 588, 594 (11 th Cir. 1984) ...................15

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990)...................22

*Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 499–500 (6th Cir.2006) ..............................................................................8

*Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (1973) ......................................................6

*Majestic Box Co., Inc. v. Reliance Ins. Co. of Ill.*, No. 96-CV-8118, 1998 WL 720463, at *5 (E.D. Pa. Sept. 2, 1998).............................................18

*Meier v. Green*, No. 07–CV–11410, 2007 WL 2909418, at *2 (E.D.Mich. Oct.5, 2007) ................................................................................9

*Michael v Windsor Gardens*, LLC, ___F Supp 2d___; 2005 U.S. Dist. LEXIS 48700, at *12 (ED Tenn, Feb. 18, 2005)..........................................15

*Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) ...............21

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ...........................................................................16

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1987)..................................................................7

*Popham, v City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)............................3

*Salamango v. NCSPlus Inc*., 2014 WL 3900583, at *5 (E.D. Mich. Aug. 11, 2014) ..................................................................................................................9

*Sigley v. Kuhn*, 205 F.3d 1341 (6th Cir. 2000)..........................................................18, 20

*United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990) .......................................................................................................18

*Van Elslander v. Thomas Sebold & Assocs*., 297 Mich. App. 204, 227-229 (2012) ...............................................................................................................9

*Waldo v Consumers Energy Co*, 726 F3d 802, 827 (CA 6, 2013) .......................17, 18, 20

*Walker v. U.S. Department of Housing and Urban Development,* 99 F.3d 761, 768 (5th Cir. 1996) .................................................................................15

## Federal Rules

42 U.S.C. § 1983 .................................................................................1, 2, 5, 7, 9, 13

42 U.S.C. § 1988 ........................................ 2, 3, 4, 5, 5, 16, 17, 19, 20, 21, 23

42 U.S.C. § 1988(b)...............................................................................1, 2, 3, 23

Fed.R.Civ.P. 54(d)(2) .................................................................................2, 23

LR 54.1.2 ....................................................................................................2, 23

## Statutes

MCL 600.6013(8)..........................................................................................2, 22

# INTRODUCTION

Plaintiff brought a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983. On July 6, 2022, a jury found that Defendant violated Plaintiff's Constitutional rights and awarded Plaintiff damages. As a result, Plaintiff is the "prevailing party" under 42 U.S.C. § 1988(b) and is entitled to its costs and attorney fees incurred in connection with this case. Plaintiff's victory did not come easy in this case--indeed, Defendant vigorously litigated this case for nearly five years and has caused Plaintiff to incur substantial costs and attorney fees in doing so. During this time period, extensive discovery took place and counsel for Plaintiff drafted and responded to countless Motions and appeals on behalf of its client, all which were necessary to get this case to trial. Counsel for Plaintiff succeeded at trial by obtaining a favorable jury verdict and judgment which vindicated the Plaintiff's rights. Congress enacted § 1988(b) to encourage attorneys to take cases and represent civil rights plaintiffs in cases that do not have substantial economic value. The congressional intent of § 1988(b) is particularly applicable in a case such as this, where Plaintiff has received a jury verdict which not only acknowledges the importance of our constitutional right to be free from excessive force but operates to deter others in the legal system from engaging in this type of behavior.  For the following reasons, Plaintiff's fee petition should be granted.

**ARGUMENT**

**I.      Plaintiff is Entitled to an Award of Attorney Fees Under 42 U.S.C. § 1988(b)**

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), permits

a prevailing plaintiff to recover attorney fees in proceedings vindicating civil rights

violations, stating that:

> In any action or proceeding to enforce a provision of section[]
> . . . 1983 . . . the court, in its discretion, may allow the
> prevailing party, other than the United States, a reasonable
> attorney's fee as part of the costs . . .

42 U.S.C. § 1988(b). "Although § 1988 uses permissive language regarding fee

awards, 'the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails,

and special circumstances are absent.'" *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th

Cir. 2014) (citing *Déjà vu v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 421 F.3d

417, 420 (6th Cir. 2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754,

761, 109 S. Ct. 2732, 105 L. Ed. 2d 639 (1989)); *Berger v. City of Mayfield Heights*, 265

F.3d 399, 406-07 (6th Cir. 2001)).

Rule 54.1.2 of the Local Rules of the Eastern District of Michigan provides:

(a) A motion for attorneys' fees and related non-taxable expenses pursuant
to Fed.R.Civ.P. 54(d)(2) must be filed no later than 28 days after entry of
judgment.
(b) A motion for an award of attorneys' fees shall be supported by a
memorandum brief as to the authority of the court to make such an award,
and as to why the movant should be considered the "prevailing party," if such
is required for the award. The motion shall also be supported by an affidavit
of counsel setting out in detail the number of hours spent on each aspect of
the case, the rate customarily charged by counsel for such work, the
prevailing rate charged in the community for similar services, and any other
factors which the court should consider in making the award. Within 14 days
after filing of the motion, the party or parties against whom the award is

2

requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

## A.     The Policy Behind § 1988

The policy behind § 1988(b) is of the utmost important in considering the present Motion for attorney's fees. "Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible to do so." *City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986). Section 1988 has a clear remedial objective--providing private citizens an opportunity to seek redress for individual harm while also securing important social benefits for the public as a whole. In this regard, the United States Supreme Court has stated:

> Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil constitutional rights that cannot be valued solely in monetary terms. And Congress has determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff....' Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards.

*Id*. at 574 (internal citations omitted). Section 1988 also has an important deterrent objective to prevent similar violations from occurring in the future. *See Popham, v City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987) ("The affirmation of constitutional principles produces an undoubted public benefit that courts must consider in awarding attorney's fees under § 1988. When courts affirm the constitutional rights of citizens, public

3

officials are deterred from violating other citizens' rights in the future."). The deterrent objective is particularly important in a case such as this which involved a court officer abusing his power and violating the constitutional rights of the public.

### B. Plaintiff is the "Prevailing Party" Under § 1988 and No "Special Circumstances" are Present to Support the Denial of Fees

Plaintiff is the prevailing party for purposes of § 1988 and no special circumstances are present to support the denial of fees in this case. The Sixth Circuit has defined "prevailing party" in the context of § 1988, stating:

> To be a 'prevailing party,' a party must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit....The Supreme Court has rejected a 'central issue test' which would require a party to succeed on the main issue of the litigation to be considered 'prevailing.' Rather, a party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success.

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1977). Plaintiff has not only succeeded on a significant issue in this case but has succeeded on the main issue of the litigation by proving by a preponderance of the evidence that Plaintiff was the victim of excessive force at the hands of Defendant by obtaining a jury verdict awarding damages and a judgement reflecting the same. The United States Supreme Court has clearly established that a civil rights plaintiff who receives a nominal damages award is a "prevailing party" for purposes of recovering fees under § 1988. *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

Furthermore, a plaintiff who received damages less than their original demand is still the "prevailing party." *Hescott* at 520 (Holding plaintiff who was awarded $5,000 in

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P. (313) 777-7LAW
F. (313) 771-5785

MARKO LAW

damages in a § 1983 action was the prevailing party and entitled to attorneys' fees under § 1988). Any denial of attorneys' fees based on the size of the damages awarded "would seriously undermine Congress' purpose in enacting § 1988." *Rivera*, 477 U.S. at 576.

In *Hescott*, the plaintiff filed suit against the city because his house was demolished without his consent and certain property was taken from it, including fixtures. *Hescott* at 521. The plaintiff filed suit with seven claims, lost on five at summary judgment, and went to trial on two: a violation of the Fourth Amendment claim and a state law inverse condemnation claim. *Id.* After a trial, the jury found in plaintiff's favor on the Fourth Amendment violation and awarded only $5,000 in damages but did not find for him on the inverse condemnation and did not award punitive damages. *Id.* The trial court denied attorney's fees for the unsuccessful claims but awarded attorney's fees for the successful claim. *Id.* at 522.

The Sixth Circuit reversed the trial court's decision not to award attorney fees.  It reasoned **that the monetary value of the damages awarded in a § 1983 case is not a factor to consider in determining if there a justification to deny attorney fees.** *Id.* at 525.  To factor in the amount of damages awarded would go directly against Congress' intentions and the purpose of § 1988. *Id.* The plaintiff in might have owned a "modest residence" which was located in a rundown neighborhood, but their "constitutional right to be secure in that residence, or in what remained of it following an otherwise lawful demolition, remained no less inviolate, and no less worthy of vindication under 42 U.S.C. §§ 1983 and 1988." *Id.*

Moreover, an award of attorney fees is mandatory under §1988 absent "special circumstances." *Id.* at 523. "The United States Supreme Court has offered little guidance on what constitutes 'special circumstances,' and as a result, the Sixth Circuit has adopted a "case-by-case" inquiry in which "a non-prevailing defendant bears the burden 'to make a strong showing that special circumstances warrant a denial of fees.'" *Id.* at 523. However, "courts have made clear that special circumstances should not easily be found." *Id.* (quoting *Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005)). Notably, "a plaintiff's failure to win punitive damages does not constitute special circumstances warranting the denial of attorney's fees." *Id.* at 526. *Hescott* says that a $5,000 award (or other low award) is not a special circumstance that would prevent an award of attorney fees to the prevailing party. As such, no special circumstances exist in the present case and as a result, Plaintiff as the prevailing party in this lawsuit is entitled to an award of its attorney fees under § 1988.

## II.    General Law on Attorney's Fees

The "lodestar" method of calculating attorney's fees is "the guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The "lodestar approach," which calculates the reasonable amount of attorney's fees taking a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation, was pioneered by the Third Circuit in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (1973), appeal after remand, 540 F.2d 102 (1976), and "achieved dominance in the federal courts" after the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424,

6

(1983). *Gisbrecht v. Barnhart,* 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). There is a strong presumption that the lodestar amount represents a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1987).

Under *Hensley*, the factors identified by the Supreme Court include: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "understandability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n. 3.

This case involved a novel claim made more difficult by the highly technical constitutional aspects of the material facts thus heightening the time and labor required to prosecute the case. This is not the typical excessive force type of case. Thus, this case required a greater level of skill than the normal 42 USC 1983 excessive force case. The serious time commitment required by this case precluded counsel employment in other cases. As demonstrated below, the fees requested by counsel are customary and reasonable. Further, counsel took considerable risk by pursuing this matter on a contingency basis. The result was considerable given the difficulty of proofs in terms of both liability and damages. As demonstrated below, the experience and reputation of Plaintiff's counsel dictates a

7

substantial award. Counsel has had a relationship with their client for approximately five and a half years.

A.      **The Rate of Plaintiff's Counsel Is Reasonable.**

A reasonable hourly rate must be calculated according to the "prevailing market rate" in the "relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The "relevant community" is "the legal community within [the court of record's] territorial jurisdiction." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.2000). The "prevailing market rate" is one that is comparable to rates in the "relevant community" for similar services by lawyers of reasonably comparable skill, experience and reputation. *Stenson*, 465 U.S. at 895 n. 11.

Fees should be calculated at current market rates, not rates that would have historically applied, because "compensation received several years after the services were rendered -- as it frequently is in complex civil rights litigation -- is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Jenkins*, 491 U.S. at 283-284.

The most widely employed method to determine reasonable hourly rates is to base fee awards on rates currently in effect. See, e.g., *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993); *Lawler v. Teofan*, 807 F.2d 1207, 1212, n. 3 (5th Cir. 1987).

1.      **The prevailing market rate as based on the 2020 Economics of Law Survey.**

The Eastern District of Michigan has ruled:

> The Court finds the State Bar of Michigan's [] Economics of
> Law Practice survey to be instructive. See *Lamar Adver. Co. v.*

> *Charter Twp. of Van Buren*, 178 F. App'x 498, 499–500 (6th Cir.2006) (affirming district court's reliance on the 2003 survey edition in a § 1983 case); *Meier v. Green*, No. 07–CV–11410, 2007 WL 2909418, at *2 (E.D.Mich. Oct.5, 2007) (relying on same in a Title VII case); *Garcia v. Renaissance Global Logistics*, LLC, No. 10–CV–13122, 2012 WL 1130543, at *3 (E.D.Mich. Apr.4, 2012) (relying on the 2010 survey edition in a FMLA case).

*Salamango v. NCSPlus Inc.*, 2014 WL 3900583, at *5 (E.D. Mich. Aug. 11, 2014).

Under Michigan law, the courts place emphasis on the more empirical factors of the Economics of Law Survey ("Survey".) In *Van Elslander v. Thomas Sebold & Assocs.*, 297 Mich. App. 204, 227-229 (2012) the court stated: "In determining this number, the court should use reliable surveys or other credible evidence of the legal market." 297 Mich. App. at 230. The court also stated that determining a reasonable fee should be guided by the "market rate" which is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." 297 Mich. App. At 230-231. Thus, for its initial inquiry, the *Van Elslander* Court placed strong emphasis on The Economics of Law Survey Rates by Rates by Years in Practice, Rates by Office Location, and Rates by Field of Practice. The court reiterated the heightened significance of "locality, experience, and practice area" factors in the Economic of Law Survey. *Id.* Notably the most recent Economics of Law Survey is from 2021. (**Exhibit 4, Economics of Law Survey**.)

### a.    The reasonable rate For Jonathan Marko

Mr. Marko has significant experience representing plaintiffs in litigation. After two years of clerking for Michigan Supreme Court Chief Justice Marilyn Kelly, Mr. Marko

9

began his career as a trial attorney, working with renowned Trial Attorneys Geoffrey Fieger and Ven Johnson. While there, Mr. Marko independently managed complex and high-profile cases. In fact, Mr. Marko participated in several multi-million and record setting verdicts with Mr. Fieger. (**Exhibit 5, Marko Resume**).

In 2015, Mr. Marko became the Founder and President of Marko Law.  As owner and managing partner, Mr. Marko ran the firm day-to-day, as well as trying the cases.  Mr. Marko has brought many cases to verdict at trial.  For example, in 2019, Mr. Marko obtained the largest intact state court employment verdict in the history of the State of Michigan at $11.6 Million in the case of *Griffey v MDOC*, which was recently upheld on a appeal. (**Exhibit 6, Griffey Opinion**). **Earlier this year, Wayne County Circuit Court Judge Muriel D. Hughes issued an opinion and order awarding attorney Jon Marko an hourly fee rate of $750 in a simple and short no-fault case**, *Jackson v Pioneer*, Wayne County Circuit Court No. 19-002256-NF. (**Exhibit 7 – *Jackson v Pioneer*, Wayne County Circuit Court No. 19-002256-NF, January 18, 2022, Order and Opinion by Hon. Muriel D. Hughes**).  Plaintiff submits that opinion as a supplement to aid the Court's determination of reasonable attorney fees in this case.

In *Jackson*, Judge Hughes approved an attorney fee rate of $750 per hour for lead trial counsel Mr. Marko. Judge Hughes's reasoned and thorough opinion, provides a useful and persuasive benchmark for this Court to evaluate reasonable attorney fees for Mr. Marko in this case.

Like Judge Hughes did in *Jackson*, this Court too is tasked with evaluating Mr. Marko's experience to determine the reasonable hourly rate. What makes Judge Hughes's opinion

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

JM MARKO LAW

significant is that her analyze was applied to the very attorney at issue in this case and the opinion is merely six months old.

Judge Hughes's opinion in *Jackson* examined factors in the context of a no-fault trial. Her analysis will aid this Court's review of the fees requested by Marko Law PLLC's counsel and support the reasonableness of the requested fees. Judge Hughes also cited to and relied on the *Economics of Law Practice Michigan Survey* (**Exhibit 4**), the same survey that Plaintiff's counsel in this matter relied upon in support of its request for the hourly rate of Mr. Marko.

The *Economics of Law Practice Michigan Survey* published in 2020 (**Exhibit 4**) supports the hourly rate sought by Plaintiff's counsel. The average hourly billing rate for a Law Firm located in the Detroit area, where Plaintiff's counsel is located, is $630 in the 95th percentile. *Id.* at 9 The rate at that percentile for an attorney practicing civil rights law in Detroit is $950 per hour. *Id.* at 34. Similarly, the rate at that percentile for an attorney in Detroit practicing personal injury law is $950 per hour. *Id.* at 35.

Judge Hughes's analysis of Mr. Marko's talents in the much simpler, more straight forward, and shorter *Jackson* case should be the starting point for Mr. Marko's rate. The case at hand was significantly more complex and difficult than *Jackson*. Here, Mr. Marko used exhibits and testimony to aid the jury's understanding of the intricacies of this civil rights case. Due to the complexities of this case Marko Law PLLC's requests attorney fee at a rate of $950.00 per hour for Mr. Marko.

Even more recently than the *Jackson* opinion, Mr. Marko was found to be entitled to an attorney fee in the 95th percentile in a civil rights case that was decided earlier this year, *Rushing v Michigan Department of Corrections*, Macomb County Circuit Court No. 19-

11

001635-CD. (**Exhibit 8, Rushing Order**).   Judge Edward A. Servitto also relied on the

*Economics of Law Practice Michigan Survey* and Mr. Marko's track record in awarding

Mr. Marko an attorney fee at the highest percentile.  This Court too should find that Mr.

Marko is deserving of attorney fees at the 95th percentile, which for civil rights attorneys

practicing in Downtown Detroit is $950 per hour.

Additionally, Mr. Marko has been consistently recognized by the legal community

for his tremendous success. For example:

- See attached Affidavit of Geoffrey Fieger, Esq. (**Exhibit 9**)
- See attached Affidavit of A. Vince Colella, Esq. (**Exhibit 10**)
- See attached Affidavit of Michael Crow, Esq. (**Exhibit 11**)
- Chair of the Civil Rights Section of the Detroit Bar Association;
- Appointed to Board of Directors (2020 – 2022), Detroit Bar Association
- Named "Lifetime Fellow" (2020), Detroit Bar Association
- "President's Award" (2018) for Civil Rights Work, Most Prestigious Award by Detroit Bar Association.  This award recognizes an attorney whose early career has exhibited high standards of service to the profession, his or her clients, and the public.
- "Go To Lawyer" (2021) (Employment Law), by Michigan Lawyers Weekly.  Only 20 lawyers received this recognition.
- Selected to serve on the State Bar Law Related Education & Public Outreach Committee
- Nationally recognized as a "Super Lawyer" (2012 – 2022)
- Appointed to Executive Committee, Michigan Association of Justice (MAJ)
- Appointed Case Evaluator, Wayne County Mediation Tribunal

Finally, Mr. Marko has been invited to speak at national events, highlighting his

stature amount his peers.  For example:

- "Spoliation of Evidence:  The Trial Lawyer's Secret Weapon" - Michigan Association for Justice Annual Convention, May 10, 2019.
- "$11.6 Million Genesee Verdict – Overcoming Bias and Embracing Your Client's Warts" – Michigan Association of Justice Winter Seminar, February 21, 2020.

12

MARKO LAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P. (313) 777-7LAW
F. (313) 771-5785

Ⓜ MARKO LAW

❖ "Employment Discrimination- $11,600,000 Verdict" – Nationwide Trial Lawyers Conference *Case Analysis,* December 1, 2020.
❖ "Federal Court §1983 Excessive Force Covid Trial"- Nationwide Trial Lawyers Conference *Case Analysis,* March 15, 2021.
❖ Speaker at Trial Lawyer University Live!- National Trial Lawyers Conference, Las Vegas, Nevada, October 2021.

Due to the complexities of this case, Plaintiff requests a rate of $950 per hour for Mr. Marko, which is consistent with the rates charged by other attorneys practicing in the same area of the law in the same geographical area.

### b.     The reasonable rate For Tyler Joseph

In 2013, he attended Wayne State University Law School as a Dean's scholar and received a full tuition scholarship.  While at Wayne Law, Mr. Joseph was a Member of the Moot Court program and also worked for the Free Legal Aid Clinic where he provided pro bono legal services to indigent and elderly clients.

After being admitted to the Michigan Bar in 2016, Mr. Joseph gained experience litigating a variety of personal injury and civil rights cases in both state and federal court. He has handled cases involving complex products liability, civil assault and battery, police brutality, auto accidents, dog bites, and premises liability. (**Exhibit 12, Joseph Resume**).

Mr. Joseph should be awarded attorney fees at the rate of $350 per hour, the same rate Judge Hughes deemed appropriate for another new attorney working with Mr. Marko. (**Exhibit 7, P. 9**).

### c.     The reasonable rate For Charles Kersten

Since graduating *Cum Laude* from Michigan State University College of Law in 2021, Mr. Kersten has worked for Marko Law. Prior to starting his legal career Mr. Kersten

won multiple advocacy awards while competed on Michigan States Trial Advocacy Board. During his tenure with Marko Law, Mr. Kersten has been a vital contributor on three successful trials. (**Exhibit 13, Kersten Resume**).

Mr. Kersten has also remained active within the legal community as a member of the Michigan Association of Justice. Similarly, Mr. Kersten should be awarded attorney fees at the rate of $350 per hour, the same rate Judge Hughes deemed appropriate for another new attorney working with Mr. Marko. (**Exhibit 7, P. 9**).

### B.     The Number of Hours Submitted By Marko Law PLLC Are Reasonable

This case was vigorously and contentiously litigated over five years all the way to the Supreme Court. The number of counsel's hours are commensurate with the effort required under these circumstances. The Court considers multiple factors when considering whether the number of hours is reasonable and Plaintiff's fee petition reasonably supports the hours claimed.

### 1.     Counsel has submitted sufficiently itemized and detailed billing entries.

The entries in Plaintiff's fee petition contained adequate specificity. Plaintiff's time entries need not be so detailed as to wave attorney-client or work-product-privilege.

> [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. If a claimant clears this hurdle, the burden shifts to the adverse party to demonstrate that a particular entry represents frivolous work ... once a plaintiff proffers an itemized and detailed bill, it is well-established that conclusory allegations that the hours are excessive and that counsel employed poor billing judgment do not suffice to undermine it.

14

*Dowling v. Litton Loan Servicing, L.P.*, No. 5-CV-98, 2008 WL 906042, at *2 (S.D. Ohio Mar. 31, 2009), *aff'd*, 320 F. App'x 442 (6th Cir. 2009) (internal quotation marks and citations omitted).

Counsels' entries are highly detailed and describe the itemized hours worked by date, the attorney, and the subject matter. The burden therefore shifts to Defendant to show the hours expended were frivolous or excessive. *See Dowling*, 2008 WL 906042 at *3.

## 2.      It is reasonable to bill for multiple attorneys work on a case.

The Plaintiff is entitled to be compensated for multiple lawyers performing work on the case so long as all are contributing. "Work performed by multiple lawyers, however, is not subject to reduction where the attorneys were not unnecessarily doing the same work." *Jones v. Central Soya, Co.,* 748 F.2d 588, 594 (11 th Cir. 1984). See also, *Walker v. U.S. Department of Housing and Urban Development,* 99 F.3d 761, 768 (5th Cir. 1996) (allowing compensation for more than one attorney at depositions, hearing, negotiations, and other activities); and *Webster, supra* (productive attorney conferences and strategy sessions compensable).

In *Michael v Windsor Gardens*, LLC, ___F Supp 2d___; 2005 U.S. Dist. LEXIS 48700, at *12 (ED Tenn, Feb. 18, 2005) the defendant challenged the billing for multiple attorneys and paralegals as duplicative and excessive. Rejecting defendant's argument, the district court stated:

> The Court will not, therefore, question the participation of multiple attorneys and paralegals on behalf of the Plaintiff. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being

15

> compensated for the distinct contribution of each lawyer."
> *Norman v. Housing Authority of City of Montgomery*, 836 F.2d
> 1292, 1302 (11th Cir. 1988).

We have held that time spent by counsel discussing the case is properly compensable, and the mere fact that attorneys confer with one another does not automatically constitute duplication of efforts. *Glover v. Johnson*, 138 F.3d 229, 252 (6th Cir. 1998).

In this case, counsel did not perform duplicative work. Mr. Marko oversaw the vast majority of the case and co-counsels Mr. Joseph and Mr. Charara assisted in conducting discovery and conferred and analyzed the case with Mr. Marko to develop strategy. Mr. Kersten assisted in the preparation of trial and participated in the trial. This resulted in efficient processing of the case by using a less experienced attorney to perform work that did not require a more experienced attorney. Counsel conferred and had productive meeting and strategy sessions. Counsel also "brainstormed" about the novel legal and technological issues involved when developing the case and responding to dispositive motions and challenges. Counsel split research duties. Counsel attended various proceedings to ensure all points were adequately covered and others not missed. It is simply not unreasonable to have more than one attorney involved in various stages of the proceedings when all are contributing to the analysis and strategy and helping to make sure that certain matters and points are not missed. Defendants also employed multiple attorneys at various stages of the proceedings.

16

### 3.  The award need not be proportional.

In *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 824 (6th Cir. Mich. August 9, 2013):

> [i]n the civil rights area, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages." Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995); see *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (plurality op.).

In this case, Plaintiff's fee petition is an accurate reflection of the time invested by Marko Law PLLC.

### 4.  Reasonable attorney would believe the hours to be reasonably expended.

Plaintiff is not required to demonstrate that every minute was strictly necessary to the result she achieved. In *Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co.*, No. 01-2133-GV, 2003 U.S. Dist. LEXIS 10386, 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003) the court stated:

> [t]he question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work was performed.

All of the hours submitted by Plaintiff's counsel were reasonably expended in pursuit of this successful civil rights action.

### 5. Hours incurred for mock trial are compensable under 42 U.S.C. § 1988.

Numerous courts both inside and outside the Sixth Circuit have held that hours expended for mock trials are compensable under 42 USC 1988. See *Sigley v. Kuhn*, 205 F.3d 1341 (6th Cir. 2000) ("Furthermore, the costs of obtaining jurors and paying expenses for a mock trial were reasonably determined by the trial court to be recoverable on the theory that the mock trial conferred a benefit to the prevailing party by helping to produce a favorable result); and *Waldo v Consumers Energy Co*, 726 F3d 802, 827 (CA 6, 2013)("Here, the district court acted within its discretion in finding that Waldo's requested costs for focus groups, mock trials, jury-selection services, and mediation were reasonable and necessary to provide Waldo with effective representation, because such services "conferred a benefit to the prevailing party by helping to produce a favorable result". See also *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (finding "no reason why these hours [spent on jury consultation and moot courts] cannot be included in a fee award as long as the number of hours spent was reasonable"); *BD v. DeBuono*, 177 F.Supp.2d 201, 204 (S.D.N.Y. 2001) ("These specialists assisted plaintiffs' attorneys with pretrial preparation and jury selection, provided technological assistance, and worked on mock trials"); *Howes v. Med. Components*, Inc., 761 F.Supp. 1193, 1199–1200 (E.D. Pa. 1990) ("jury consultant was necessary to make the issues easier for the jury to understand.").

These reasonable expenses include the costs of running a mock trial. See, e.g., *Majestic Box Co., Inc. v. Reliance Ins. Co. of Ill.*, No. 96-CV-8118, 1998 WL 720463, at

*5 (E.D. Pa. Sept. 2, 1998)("[T]he complicated nature of . . . this litigation justifies defendant's expenditures on the 'mock trial.' "). See also *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser* Co., No. 00-cv-1693-A, 2003 WL 23715982, at *8 n.12 (D. Or. Oct. 27, 2003) (collecting cases), vac'd on other grounds, 484 F.3d 1086 (9th Cir. 2007). That the cases did not use file term "shadow jury" is a distinction without a difference. The complexity of this case warranted the expense.

In this case, Plaintiff retained a jury consultant and conducted a mock trial that helped Plaintiff's counsel hone its trial skills for this particular case. The mock trial helped focus the issues, helped them understand their strengths and weaknesses, helped develop juror profile. In addition, the mock trial streamlined Plaintiff's trial preparation and helped Plaintiff to understand how to best organize the trial presentation. The mock trial conferred a benefit and contributed Plaintiff's favorable result. Accordingly, these hours are reasonable and necessary.

**6.     The out-of-pocket expenses Plaintiff incurred in conducting the mock trial are recoverable as attorney fees under 42 U.S.C. § 1988.**

As stated by the Sixth Circuit:

> There are two separate sources of authority to award out-of-pocket expenses. Some expenses are included in the concept of attorney's fees, as "incidental and necessary expenses incurred in furnishing effective and competent representation," and thus are authorized by section 1988. [*Hensley*] 461 U.S. at 439. The authority granted in section 1988 to award a reasonable attorney's fee includes the authority to award those reasonable out-of-pocket expenses incurred by the attorney, which are normally charged to a fee-paying client in the course of providing legal services. See *Id.*

19

*Sigley*, 2000 U.S. App. LEXIS 1465 at *23-24

The *Sigley* court went on to conclude that out-of-pocket expenses incurred for jury consultants and mock trials were properly considered as "attorney fees" under Section 1988. See also *Waldo*, *supra*, (likewise concluding mock trial expenses were compensable as attorney fees under Section 1988).

In *BD v. DeBuono*, 177 F. Supp. 2d 201, 204 (S.D.N.Y. 2001) the court provided a well-reasoned explanation as to why mock trial and jury consultation fees were more akin to attorney fees than to expert witness fee and thus compensable under Section 1988:

> These specialists assisted plaintiffs' attorneys with pretrial preparation and jury selection, provided technological assistance, and worked on mock trials. Plaintiffs' counsel used the services of DOAR to prepare their case for presentation to a jury.
>
> Litigation consultants (also known as litigation support specialists) are trained in various aspects of courtroom practice and procedure. They are consulted by litigators to hone their trial skills in the context of a particular case. It seems to this Court that litigation consultants, used in the manner that plaintiffs' counsel used them here, are the equivalent of additional attorneys or legal para-professionals. The services they provide are not those of an expert witness, which has been the traditional purview of "expert fees." DOAR provided neither substantive testimony nor information relating to the underlying dispute. Therefore, even though they are expert at what they do, they do not fall within the rubric of "experts" as that term traditionally has been used.
>
> If plaintiffs' counsel had organized mock trials themselves, or done their own jury consulting research, the hourly rates they charged for those services would be reimbursable as part of an attorneys' fee award. The fact that counsel chose to engage the services of an independent contractor to perform those same services, rather than assign the same work to employees, does not alter the nature of the services rendered. DOAR's litigation consulting services fall properly under the rubric of attorneys'

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

fees and are a reimbursable expense in a litigation of this magnitude.

*Id.*

The expenses that Plaintiff incurred here, or jury consultation and mock trial are not akin to expert witness fees. The litigation consultants as used by Plaintiff were the equivalent of additional attorneys or paralegals and the research conducted by the litigation consultants would have been more expensive had counsel undertook it. Accordingly, these out-of-pocket expenses should be considered "attorney fees" under 42 USC 1988.

## C.    Plaintiff is entitled to Paralegal Fees

In *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), the Supreme Court of the United Stated considered whether litigants could recover paralegal fees under the 42 U.S.C. § 1988.  The Court concluded that the term "attorney's fee" in § 1988 "cannot have been meant to compensate only work performed personally by members of the bar." *Jenkins* at 285. The Court was so confident that Congress had given the term "attorney's fees" this traditional gloss that it declared it "self-evident" that the term "'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys." *Id.*

### 1.    The reasonable rate For Melinda Morisset

Melinda Morisset is a paralegal employed by the firm Marko Law PLLC.  At the direction of Mr. Marko, Plaintiff's lead trial counsel of record, Ms. Morisset spent much time preparing for trial since, which included but not limited to review of voluminous transcripts, records, proofs, meetings with clients, meetings with staff, preparation and filing of motions and responses to motions, review of emails, drafting of emails, filing of

21

various court pleadings, and preparation of court documents. Particularly in light of the fact that Ms. Morisset has continued to be a paralegal for approximately 32 years, a rate of $150 per hour in this case is both reasonable and appropriate. (**Exhibit 14, Affidavit of Melinda Morisset**).

**III.    Plaintiff Is Entitled To Prejudgment Interest**

Plaintiffs are entitled to prejudgment interest on the entire amount of the money judgment, including attorney fees and costs. Prejudgment interest is determined by reference to state law. *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 954 F. 2d 1263, 1274 (6th Cir. 1992). MCL 600.6013(8) provides:

> Except as otherwise provided in subsections(5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

Here, the Complaint in this matter was filed on November 22, 2017. The prejudgment interest runs from the date of the entry of judgment by the court rather than from the date of the jury verdict. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). However, prejudgment interest is calculated on the award of attorney fees and costs as well as the judgment. Since the Court has not entered a judgment at this time on Plaintiff's Motion, the full amount to which interest attaches and the date through which

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

interest runs has not been determined. Thus, the date the Court enters a Judgment on Costs, including attorney fees, is the final date for calculation of prejudgment interest pursuant to MCL 600.6013(8).

## CONCLUSION

There is no dispute that Plaintiff is a prevailing party for purposes of awarding attorney's fees as costs under §1988(b). The policy reasons underlying the award of these fees under §1988(b) are particularly acute here when the actual damages at issue might not attract experienced attorneys. Plaintiff counsel took the case based on the value of vindicating priceless rights for the benefit of our client and society at large. Plaintiff's attorneys believe that the U.S. Constitution is the most remarkable and brilliant blueprint for a free society in which government actors must respect the citizens whom they serve. Congress has encouraged attorneys to promote constitutional values and justice even in cases with a low return by permitting them to recover their fees when they prevail on a significant issue regardless of its monetary value. For the reasons set forth above, Plaintiffs are a prevailing party and entitled to costs, including attorney fees, pursuant to Fed.R.Civ.P. 54(d)(2), 42 U.S.C. § 1988(b), and LR 54.1.2 in the following amounts:

    a.   Attorney fees: $474,380.00 (**Exhibit 1, Affidavit of Marko; Exhibit 2, Detailed Hours**)

    b.   Costs: $28,075.68 (**Exhibit 3, Detailed Costs**)

c.      Interest: to be determined by the Court

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: jon@markolaw.com

Date:  August 3, 2022

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **August 3, 2022**, via:

☐ U.S. Mail                 ☐ Fax
☐ Hand Delivered            ☐ Overnight Carrier
☐ Certified Mail            ☐ Other: Mi-FILE Truefiling
☒ ECF System               ☐ Email

*/s/ Melinda S. Morisset*

24