UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SEVY,

       Plaintiff,

v.

COURT OFFICER PHILIP BARACH
and ~~COURT OFFICER HAROLD MARSHALL~~
in their individual capacity,

       Defendants.

Case No. 17-cv-13789
Hon. Laurie J. Michelson
Mag. Judge Anthony P. Patti

---

**MARKO LAW, PLC**
By: Jonathan R. Marko (P72450)
*Attorneys for Plaintiff*
27735 Jefferson
St. Clair Shores, Michigan 48081
P: (313) 965-4822
E: jon@jmarkolaw.com

**SEWARD HENDERSON PLLC**
By: Kali M. L. Henderson (P76479)
    T. Joseph Seward (P35095)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com
    jseward@sewardhenderson.com

---

### DEFENDANTS' MOTION FOR COSTS AND ATTORNEY FEES

Defendants, **COURT OFFICER PHILIP BARACH** and former Defendant **COURT OFFICER HAROLD MARSHALL**, by and through their undersigned counsel, submit the following as their Motion for Costs and Attorney Fees. In support of this motion,

1

Defendant relies on the attached brief, exhibits, Federal Rule of Civil Procedure 68, and 42 U.S.C. § 1988.

On Tuesday, August 2, 2022, defense counsel sought concurrence in this motion by way of email. In said email, defense counsel outlined the grounds for the relief sought herein, including reference to the controlling caselaw, and explained the relief sought. On Wednesday, August 3, 2022, plaintiff's counsel declined to concur and defense counsel again explained the grounds and relief sought for clarity. On Wednesday, August 3, 2022, defense counsel sent a second email seeking concurrence in the request for fees for Harold Marshall.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/Kali M. L. Henderson (P76479)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com

Dated:  August 3, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY SEVY, | Case No. 17-cv-13789 |
| | Hon. Laurie J. Michelson |
| Plaintiff, | Mag. Judge Anthony P. Patti |
| v. | |
| COURT OFFICER PHILIP BARACH and ~~COURT OFFICER HAROLD MARSHALL~~ in their individual capacity, | |
| Defendants. | |

| | |
|---|---|
| **MARKO LAW, PLC** | **SEWARD HENDERSON PLLC** |
| By:  Jonathan R. Marko (P72450) | By:  Kali M. L. Henderson (P76479) |
| *Attorneys for Plaintiff* | T. Joseph Seward (P35095) |
| 27735 Jefferson | *Attorneys for Defendants* |
| St. Clair Shores, Michigan 48081 | 210 East 3rd Street, Suite 212 |
| P: (313) 965-4822 | Royal Oak, Michigan 48067 |
| E: jon@jmarkolaw.com | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: khenderson@sewardhenderson.com |
| | jseward@sewardhenderson.com |

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION FOR COSTS AND ATTORNEY FEES**

# TABLE OF CONTENTS

Index of Authorities ....................................................................................III

Issues Presented .......................................................................................V

Introduction ...............................................................................................1

Statement of Facts .....................................................................................1

Legal Analysis............................................................................................3

   I.   Rule 68 Costs ....................................................................................3

      A.  Methodology ................................................................................4

         1.   Calculating Pre-Offer Costs...................................................8

      B.  Calculating the Lodestar Figure ...................................................9

         2.   Reasonable Number of Hours Expended...................................9

         3.   Reasonable Hourly Rate ........................................................11

         4.   Cutting Excessive, Redundant, and Unnecessary Hours........................12

         5.   Cutting to Reflect the Level of Success................................12

   II.  42 U.S.C. 1988 Prevailing Party Fees .........................................13

Conclusion ...............................................................................................16

# INDEX OF AUTHORITIES

**Cases**

*Adcock—Ladd v. Secretary of Treasury*,
  227 F.3d 343 (6th Cir. 2000) ...............................................................................11

*Beard v. Schneider*,
  No. 14-13465, 2018 WL 2296472, at *3–4 (E.D. Mich. May 21, 2018)............14

*H.D.V. - Greektown, LLC v. City of Detroit*,
  660 F. App'x 375 (6th Cir. 2016) ..........................................................................9

*H.D.V.-Greektown v. City of Detroit*,
  No. 06-11282, 2017 WL 9470887, at *6 (E.D. Mich. Sept. 28, 2017) .................9

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ............................................................................ 11, 12, 13

*Hescott v. City of Saginaw*,
  757 F.3d 518 (6th Cir. 2014) ............................................................. 4, 5, 6, 8, 12

*Kentucky Rest. Concepts Inc. v. City of Louisville*,
  117 F. App'x 415 (6th Cir. 2004) ..........................................................................9

*Louisville Black Police Officers Organization v. City of Louisville*,
  700 F.2d 268 (6th Cir. 1983)).............................................................................11

*Marek v. Chesny*,
  473 U.S. 1 (1985) (quoting Fed. R. Civ. P. 68(d) ....................................... 3, 4, 8

*Medina v. Macomb Cnty.*,
  No. 16-CV-10476, 2018 WL 1312402, at *1 (E.D. Mich. Mar. 14, 2018) .........11

*Smith v. Smythe-Cramer Co.*,
  754 F.2d 180 (6th Cir. 1985).............................................................................14

*Wayne v. Vill. of Sebring*,
  36 F.3d 517 (6th Cir. 1994). ..............................................................................11

*Wayne v. Village of Sebring*,
   36 F.3d 517 (6th Cir. 1994), cert. denied, 514 U.S. 1127 (1995) ........................14

*Webb v. Bd. of Educ. of Dyer Cty.*,
   471 U.S. 234 (1985) ................................................................................................8

*Wolfe v. Perry*,
   412 F.3d 707 (6th Cir. 2005) ......................................................................... 14, 15

## Statutes

42 U.S.C. § 1988 .......................................................................................... 8, 9, 13

42 U.S.C. § 1988(b) ..........................................................................................14

## ISSUES PRESENTED

I.     Whether Defendant is entitled to his costs because his offer of judgment was more than sufficient to cover all pre-offer costs, attorney fees, and the ultimate verdict?

Defendant answers, "*Yes.*"

Plaintiff presumably answers, "*No.*"

II.    Whether the offer of judgment cut-off Defendant's liability for any post-offer costs and attorney fees?

Defendant answers, "*Yes.*"

Plaintiff presumably answers, "*No.*"

III.   Whether former Defendant Harold Marshall is entitled to recover his portion of the attorney fees prior to his dismissal because Plaintiff's claims against him were frivolous and unfounded?

Defendant answers, "*Yes.*"

Plaintiff presumably answers, "*No.*"

## INTRODUCTION

This lawsuit was poorly evaluated, pled, and litigated. Plaintiff should now bear the costs of such choices.

On February 5, 2018, an offer of judgment was made to Plaintiff for $20,000.00. At that time, only the complaint, answer, and discovery plan had been filed, and a scheduling conference had been held. That is all. The jury's verdict demonstrates that the offer was more than reasonable and should cut-off Defendant's liability for attorney fees.

Additionally, this Court dismissed Harold Marshall from yhe lawsuit upon finding that Plaintiff's testimony and the video showed at most de minimis force and no grounds for the other two claims, one of which Plaintiff wholly abandoned. Therefore, Defendant Marshall is a prevailing party and should be awarded his attorney fees.

## STATEMENT OF FACTS

The incident underlying this case took place on February 13, 2017. [ECF No. 1, PageID.2.] The lawsuit was filed on November 22, 2017. [ECF No. 1, PageID.1.] The answer by both then-Defendants was filed on January 9, 2018. [ECF No. 5, PageID.17.] Discovery plans were submitted in January and a scheduling conference was held on February 1, 2018. [ECF No. 11, PageID.43-47; ECF No. 12, PageID.48-54; Exhibit 1, Minute Entry 2/1/2018.]

On February 5, 2018, Defendants submitted an offer of judgment for $20,000.00. [Exhibit 2, Offer of Judgment] Plaintiff rejected the offer.

Following discovery, Defendants moved for summary judgment. [ECF No. 45, PageID.451] This Court dismissed Defendant Marshall, granting him qualified immunity. [ECF No. 55, PageID.1338, 1345] This Court also dismissed Plaintiff's false arrest claim, finding that he abandoned it and that Defendants had supported their motion to dismiss it. [ECF No. 55, PageID.1331-1332.] The Sixth Circuit then dismissed Plaintiff's First Amendment claim. [ECF No. 65]

The case proceeded to a jury trial on one claim against only Defendant Barach. The after seven days of trial, the jury returned a verdict of excessive force and awarding only $3,000.00 in damages. [ECF No. 110, PageID.2627-2628.]

Throughout the lawsuit, Defendants incurred numerous costs. [Exhibit 3, Spreadsheet of Costs] These costs were all incurred after the offer of judgment. They were all charged to the client at the listed amounts and they have all been verified by defense counsel. [Exhibit 3, Spreadsheet of Costs; Exhibit 4, Henderson Affidavit] The costs total $32,289.97. Defendant now asks for these costs.

At the time Harold Marshall was dismissed on August 5, 2019, the Defendants had incurred $29,086.79 in attorney fees to defend this lawsuit. [Exhibit 5, Fees Spreadsheet Through 8-5-19; Exhibit 4, Henderson Affidavit] Half of those costs amounts to $14,543.395 or **$14,543.40**.

## LEGAL ANALYSIS

### I.   RULE 68 COSTS

Federal Rule of Civil Procedure 68 "provides that if a timely pretrial offer of settlement is not accepted and 'the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.'" *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (quoting Fed. R. Civ. P. 68(d)). Rule 68 is designed to "is to encourage settlement and avoid litigation." *Id.* (citations omitted). When an offer is submitted under Rule 68, it should prompt the receiving party to "evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.*

A Rule 68 offer may include costs then accrued if specified. *Id.* at 6. Examples are helpful in understanding the implications of this rule and are frequently employed by courts addressing the issue. The Supreme Court's example in *Marek* provides:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion.

*Id.* Thus, if an offer was accepted costs could be awarded if they were not specified in the Rule 68 offer.

When a Rule 68 offer is submitted in a civil rights case for which attorney fees would ordinarily be available, the offer will effectively cut off those fees if recovery is not more favorable than the offer. *Marek*, 473 U.S. at 10-11.

With this basic understanding, we can turn to the case at hand and how Rule 68 should operate.

### A.    Methodology

It is important to understand two things about the Rule 68 offer made in this case. First, the offer of judgment made in this case included costs then accrued:

> …hereby offer to allow Judgment to be entered in this action in the amount of Twenty Thousand and 00/100 Dollars ($20,000.00) **inclusive of interest, costs and attorneys fees,** in full and final satisfaction of all claims asserted in the above-captioned matter.

[Exhibit 2, Offer of Judgment (emphasis added)] Second, the offer was rejected, and the case proceed to a verdict from the jury. [ECF No. 110, PageID.2627.] Therefore, it is necessary to understand how a Rule 68 offer functions in light of a jury verdict when rejected.

When an offer is rejected and a verdict reached, the question then becomes: Was the offer more favorable than the verdict? *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014). Because if the answer is 'no' then the party that rejected the offer is on the hook for their own costs as well as those of the offeror. *Id.* To determine whether the offer was more favorable than the verdict, we must consider

three things: the verdict, the plaintiff's pre-offer costs, and the plaintiff's pre-offer attorney fees. *Id.* For example, in *Hescott*, the plaintiff obtained a verdict of $5,000.00. *Id.* at 527-28. The defendant had made an offer of judgment of $15,000.00. *Id.* The Sixth Circuit held that the district court had to determine whether the pre-offer costs and fees exceeded $10,000.00. *Id.*

In calculating pre-offer attorney fees, the Sixth Circuit in *Hescott* advised courts to follow the lodestar method, described as follows:

> A starting point is to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the "result obtained." This involves two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"

*Id.* at 531 (quoting *Wayne v. Village of Sebring*, 36 F.3d 517 (6th Cir.1994)).

Applying the Sixth Circuit's method to this case involves a five-step process.[1] The *Hescott* District Court's application of that process on remand is helpful and discussed below. See 1:10-cv-13713 ECF No. 105, PageID.2073-2092.

---

[1] However, because the offer was made so early in this case, as opposed to years later as in *Hescott*, Defendants propose the Court calculate just the pre-offer costs and fees, before turning to the larger total costs and fees, although the outcome should be no different if step one is done first or last.

In *Hescott*, the District Court originally held that the low verdict did not justify an award of attorney's fees, but the Sixth Circuit said that was not a proper basis to deny fees. [1:10-cv-13713 ECF No. 105, PageID.2078-2079.] On remand, the District Court calculated the total attorney fees, starting with determining a reasonable rate and multiplying it by the billable hours that had already been subject to some deductions. [1:10-cv-13713 ECF No. 105, PageID.2079-2082.] Then the District Court considered the reasonableness of the fees billed and found some time billed for travel was unnecessary. [1:10-cv-13713 ECF No. 105, PageID.2083.] The District Court next determined what fees and costs accrued before the offer of judgment and made a similar reduction for the unreasonable travel. [1:10-cv-13713 ECF No. 105, PageID.2083-2084.]

Adjustments to the award were the next step, and the District Court evaluated the level of success the plaintiffs had achieved. [1:10-cv-13713 ECF No. 105, PageID.2084-2086.] In doing so, the District Court noted that the defendants had prevailed on one claim and the jury returned a "de minimus" verdict. [1:10-cv-13713 ECF No. 105, PageID.2085.] The District Court continued on to note that the success achieved did not correspond with the hours expended. [1:10-cv-13713 ECF No. 105, PageID.2085.] Careful to avoid applying a "rote mathematical calculation[]," the District Court evaluated the verdict in light of the claims, work put in to achieve it, and what had been previously offered to the plaintiffs. [1:10-cv-13713 ECF No. 105,

PageID.2086-2087.] The District Court noted how the plaintiffs had rejected the offer of judgment that was three times the verdict "because they wanted their day in court to prove the City acted unlawfully and to seek punitive damages," but the jury had largely disagreed with them. [1:10-cv-13713 ECF No. 105, PageID.2087]

The District Court concluded that the work performed by the plaintiffs' counsel was not reasonable in light of the jury verdict and reduced the fees by eighty percent. [1:10-cv-13713 ECF No. 105, PageID.2088.] This percentage "accurately and fairly" reflected the success achieved in the case and was supported by similar reductions. [1:10-cv-13713 ECF No. 105, PageID.2088-2090.] The District Court then applied the reduction to the pre-offer costs, added that to the verdict, and concluded that because all pre-offer costs did not exceed the offer of judgment, the plaintiffs were only entitled to their pre-offer costs. [1:10-cv-13713 ECF No. 105, PageID.2091.] The defendants were ordered to pay the plaintiffs' reduced pre-offer costs, and the plaintiffs' were ordered to pay the defendant's post-offer costs. [1:10-cv-13713 ECF No. 105, PageID.2092.]

Defendant expects the same outcome here, only with different amounts, because the offer of judgment made in this case was early, carefully calculated, and well below the verdict.

7

1. Calculating Pre-Offer Costs

**First, the Court must determine actions took place prior to the offer of judgment in order to determine the appropriate pre-off costs and fees.** This case officially began on November 22, 2017, when Plaintiff filed the Complaint. [ECF No. 1, PageID.1.] The defendants were served on December 18, 2017. [ECF No. 9, PageID.40; ECF No. 10, PageID.42.] An offer of judgment was tendered on February 5, 2018. [Exhibit 2, Offer of Judgment] Thus, the Court must determine what actions reasonably took place between November 22, 2017, and February 5, 2017. In doing so, the Court should look to what actions the Plaintiff would otherwise be entitled to recover under 42 U.S.C. § 1988, which is the relevant statute that provides costs in this case. *See Marek*, 473 U.S. at 9; *Hescott*, 757 F.2d at 527-28.

Under § 1988, actions that are recoverable or compensable are those that are "reasonably expended on *the litigation*." *Webb v. Bd. of Educ. of Dyer Cty.*, 471 U.S. 234, 242 (1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Some pre-suit fees may be compensable if they were reasonably expended *on the litigation*; such fees include "drafting of the initial pleadings and the work associated with the development of the theory of the case." *Id.* But that does not include time for pre-suit administrative proceedings, *Id.*; nor "[t]ime spent lobbying a legislative body prior to filing," *Kentucky Rest. Concepts Inc. v. City of Louisville*, 117 F. App'x

8

415, 420 (6th Cir. 2004); nor time spent with reporters and media as such fees "do not comport with § 1988's purpose to support civil rights litigation." *H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 386 (6th Cir. 2016), see underlying Report *H.D.V.-Greektown v. City of Detroit*, No. 06-11282, 2017 WL 9470887, at *6 (E.D. Mich. Sept. 28, 2017).

### B.   Calculating the Lodestar Figure

### 2.   Reasonable Number of Hours Expended

**The next, or second, step is for the Court to determine the number of hours reasonably expended *on the litigation* up until that date.** To aid in that analysis, certain actions and hours are known. Starting first with the known pre-suit expenditures. The obvious includes the drafting of the 8-page compliant, which appears to have been performed by former Marko Law associate Tyler M. Joseph in November 2017. [ECF No. 1, PageID.8.] There were also pre-suit negotiations with Defense counsel Henderson, which included email exchanges and a telephone call, and amounted to only .9 (nine tenths of an hour). [Exhibit 4, Henderson Affidavit] There was also likely time spent meeting with Plaintiff, obtaining the 44th District Court videos and police records, reviewing the short videos of the incident, and reviewing the only relevant record in this case, the two-page EPIC Primary Care Record.

Plaintiff was also referred to Dr. Shiener, but his report was not written until June 11, 2018, well after the offer. [Exhibit 6, Shiener Report] Dr. Shiener also did not charge anything for that evaluation until June 11, 2018, which he testified he charged for the examination and "preparation of a written report." [Exhibit 7, Shiener Bill; Exhibit 8, Sheiner Testimony] It is also clear that no witness interviews were conducted, as counsel continually argued during trial that no witness names were included in the police report and he had not spoken to any of the witnesses.

Once suit was filed in November, the Defendants answered the Complaint in January. [ECF No. 5, PageID.17-30.] Preparing the answer took only .7 (seven tenths) hours. [Exhibit 4, Henderson Affidavit] Defense counsel also had to perform additional work when Plaintiff's counsel, Tyler Joseph, failed to prepare or communicate regarding a joint discovery plan. [Exhibit 4, Henderson Affidavit] An in-person scheduling conference on February 1, 2018, was the last thing that took place before the offer was made. [Exhibit 4, Henderson Affidavit] The conference was attended by Mr. Joseph and defense counsel billed only 1.2 hours for attending and traveling to the conference. [Exhibit 4, Henderson Affidavit] At the time, defense counsel's office was located in Royal Oak, and Plaintiff's counsel was in Detroit, very near the courthouse. [ECF No. 1, PageID.1 (listing address as 645 Griswold Street, Detroit, Michigan).]

### 3. Reasonable Hourly Rate

**Third, the Court must determine a reasonable hourly rate.** "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994) (citing *Louisville Black Police Officers Organization v. City of Louisville*, 700 F.2d 268, 277–78 (6th Cir. 1983)). The rate must be reasonable and "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock—Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). In determining the reasonable attorney fee rate, the court should look to the local market rates for attorneys in addition to the following five factors:

1) The professional standing and experience of the attorney;
2) The skill, time, and labor involved;
3) The amount in question and the results achieved;
4) The difficulty of the case;
5) The expenses incurred; and
6) The nature and length of the professional relationship with the client.

*Medina v. Macomb Cnty.*, No. 16-CV-10476, 2018 WL 1312402, at *1 (E.D. Mich. Mar. 14, 2018). These factors permit the court to make upward or downward adjustments to the hourly rate. *Hensley*, 461 U.S. at 434.

### 4. Cutting Excessive, Redundant, and Unnecessary Hours

**Fourth, the Court will have to "exclude excessive, redundant, or otherwise unnecessary hours."** *Hescott*, 757 F.3d at 531 (quoting *Wayne v. Village of Sebring*, 36 F.3d 517 (6th Cir.1994)). This can only be done once Plaintiff submits a bill of costs. At which time, Defendant requests the opportunity to respond to the bill if it is not in Plaintiff's response to this motion.

### 5. Cutting to Reflect the Level of Success

**Fifth, the Court should adjust the resulting sum to reflect the results obtained by considering whether any of Plaintiff's claims failed and whether the "level of success" justifies the hours reasonably expended.** *Hescott*, 757 F.3d at 531 (quoting *Wayne v. Village of Sebring*, 36 F.3d 517 (6th Cir.1994)); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Supreme Court says that consideration of these questions is "particularly crucial" when the plaintiff only prevails on some of his claims. *Hensley*, 431 U.S. at 434. Even when the failed claims are so significantly related that it becomes difficult to parse the hours expended between claims, the Court must still scrutinize the "overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," i.e., excellent results equals the full fee and limited success equals excessive time expenditures that should be reduced. *Id.* at 435-36. The Supreme Court best explained why reductions are **required** when there has been limited success:

> This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Id.* at 436.

Here, such a reduction is required and necessary. The Complaint was filed against two defendants, but this Court later dismissed one of those defendants, Harold Marshall, when it granted his motion for summary judgment. [ECF No. 1, PageID.1; ECF No. 55, PageID.1338, 1345.] Additionally, Plaintiff filed three counts in the Complaint and succeed on just one. [ECF No. 1, PageID.4-8.] Plaintiff even abandoned one of his claims, failing to defend it. Thus, Plaintiff succeed on just 1/6 of his claims. And even that success was limited. Plaintiff had asked the jury for $9.5 million in damages, and the jury awarded only $3,000.00, plainly accepting what Defendant had believed from the start: that there is no evidence of damages beyond what occurred the day of the incident. They did not award future damages, and they did not award punitive damages. The jury awarded only .031579% of what Plaintiff requested; this can hardly be read as anything more than de minimus.

## II.   42 U.S.C. 1988 PREVAILING PARTY FEES

Pursuant to 42 U.S.C. § 1988, a district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. §

1988(b). A defendant that prevails may recover fees under Section 1988 if they can prove that plaintiff's claim was frivolous, unreasonable, groundless, or vexatious. *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994), cert. denied, 514 U.S. 1127 (1995); *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005); see also *Beard v. Schneider*, No. 14-13465, 2018 WL 2296472, at *3–4 (E.D. Mich. May 21, 2018). The Sixth Circuit has upheld an award of attorneys fees to defendants "where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).

In *Wolfe*, supra, the Sixth Circuit upheld an award of attorney fees to the prevailing defendants. *Wolfe*, 412 F.3d at 720 (6th Cir. 2005). The Court held that the plaintiff's illegal seizure claim was clearly defective from the outset where the case law had plainly established he did not have grounds for such a claim. *Id.*

In this case, Plaintiff's allegations against Defendant Marshall were frivolous, unreasonable, groundless, and vexatious. This can be seen in several areas of this case. First, Plaintiff has consistently maintained that during the incident Ofc. Marshall was calm and tried to de-escalate things. [Exhibit 9, Sevy Deposition Testimony] He testified similarly at trial. He has only ever testified that Marshall

held him down while on the ground[2] and the video shows no different. This Court held that the video showed that Marshall's alleged push "barely contacted Sevy and lasted mere seconds." [ECF No. 55, PageID.1338.] Thus, there was never any grounds to allege that Marshall was liable for any portion of this case and Plaintiff should have known this based on his own knowledge and the video.

Second, there were never grounds to allege that Marshall falsely arrested Plaintiff because had pled in the criminal case prior to filing the complaint; his plea was entered on May 9, 2017. [Exhibit 10, Register of Action in State of Michigan v. Sevy] The Complaint was filed on November 22, 2017. [ECF No. 1, PageID.1.] Defendants successfully argued that this claim was barred by the plea. [ECF No. 55, PageID.1331-1332.] Not only did Defendants successfully argue that the plea barred the claim, but Plaintiff abandoned the claim and did not even defend it. [ECF No. 55, PageID.1331-1332.] Similar to *Wolfe*, Plaintiff should have known from the outset that he did not have grounds to plead a false arrest claim.

As Defendant Marshall was fully dismissed, he should be awarded his fees for having to defend against these frivolous claims. At the time Harold Marshall was dismissed on August 5, 2019, the Defendants had incurred $29,086.79 in attorney

---

[2] The Court noted that Plaintiff argued that Marshall slammed him to the ground, and while that was argued by Plaintiff's counsel in response to Defendants' Motion, Plaintiff's testimony says otherwise.

fees to defend this lawsuit. [Exhibit 5, Fees Spreadsheet Through 8-5-19; Exhibit 4, Henderson Affidavit] Half of those costs amounts to $14,543.395 or **$14,543.40**.

## CONCLUSION

The Court should order Plaintiff to submit a complete bill of costs, to which Defendant may then respond. Consideration of such information should demonstrate why the offer of judgment of $20,000.00 was more than sufficient to cover all pre-offer costs, attorney fees, and the ultimate verdict. The Court should then order Plaintiff to pay Defendants costs of **$32,289.97.**

Former Defendant Harold Marshall should also be reimbursed for his attorney fees to defend against the frivolous claims filed against him. The Court should order Plaintiff to pay **$14,543.40** for those fees.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/Kali M. L. Henderson (P76479)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com

Dated:   August 3, 2022

16

**PROOF OF SERVICE**

 I hereby certify that on **Wednesday, August 3, 2022**, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

/s/Farah Hammoud
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: fhammoud@sewardhenderson.com

17