UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SEVY,

    Plaintiff,

v.

PHILIP BARACH,

    Defendant.

Case No. 17-13789
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING IN PART BARACH'S
MOTION TO REVIEW THE COSTS TAXED BY THE CLERK [127]**

---

In November 2017, Anthony Sevy sued court security officers Philip Barach and Harold Marshall under 42 U.S.C. § 1983 following a take-down at the state courthouse in Royal Oak, Michigan. Following years of discovery, dispositive motion practice, an interlocutory appeal to the Sixth Circuit, a trial, and extensive post-trial motion practice, this five-year-old case is wrapping up. (*See* ECF Nos. 55, 65, 110, 121.)

Just one issue remains: the costs taxed by the clerk. (ECF Nos. 125–127.) Helpfully, the Court already issued an extensive opinion on costs and the effect that Defendants' early offer of judgment under Federal Rule of Civil Procedure 68 had on the parties' liability for costs. *See Sevy v. Barach*, No. 17-13789, 2022 WL 4234951, at *13 (E.D. Mich. Sept. 14, 2022). Specifically, the Court held that "Barach is directed to compensate Sevy for . . . such *pre-offer* costs as the taxation clerk may award. Sevy

is directed to compensate Barach for such *post-offer* costs as the taxation clerk may award." *Id.*

Since that time, the clerk taxed $2,846.27 against Barach and $2,656.20 against Sevy. (ECF Nos. 125, 126.) Understandably, the clerk did not account for Rule 68 when awarding costs.

Barach has now filed a motion challenging the clerk's taxation of costs. (ECF No. 127.) Specifically, he argues (1) that Sevy should only get $614.50 in costs, as these were the only costs incurred before the offer of judgment, and (2) that Rule 68 entitles Barach to *all* post-offer costs, not just the costs awarded by the clerk under Federal Rule of Civil Procedure 54(d)(1). (*Id. at* PageID.3715–3717.)

For the reasons that follow, the Court will grant in part and deny in part Barach's motion.

I.

Start with Sevy's costs. As explained, the Court already found that Sevy is entitled to only "such *pre-offer* [of judgment] costs as the taxation clerk may award." *Sevy*, 2022 WL 4234951, at *13. Despite this clear direction, Barach reports that Sevy has maintained that he is "entitled to all costs," including his post-offer costs. (ECF No. 127, PageID.3709.)

In response, Sevy claims to have "cured" this issue by submitting an amended bill of costs that only includes pre-offer costs. (ECF No. 128, PageID.3731.) While the Court appreciates Sevy's acknowledgement of its prior ruling, the submission of the amended bill of costs is improper for two reasons. *See* Fed. R. Civ. P. 54(d)(1) ("The

2

clerk may tax costs on 14 days' notice. *On motion served within the next 7 days*, the court may review the clerk's action.). For one, "motions filed within responses are disfavored" in this district as they violate the Court's electronic filing policies and procedures. *See Coles v. Scion Steel, Inc.*, No. 20-12606, 2021 WL 4785927, at *9, n.4 (E.D. Mich. June 15, 2021) (collecting cases); E.D. Mich. Elec. Filing Pol'y and Proc. R. 5(f) ("Motions must not be combined with any other stand-alone document. . . . A counter-motion must not be combined with a response or reply."). For two, even if the Court were inclined to consider the relief requested in the response brief, the request is untimely. (*Compare* ECF Nos. 125–126 (costs taxed on Oct. 17, 2022) *with* ECF No. 128 (Sevy's response filed Nov. 2, 2022).) So the Court will not consider the amended bill of costs or Sevy's new arguments which are not responsive to Barach's motion.

In any case, the parties now agree that Sevy is only entitled to costs incurred prior to Defendants' officer of judgment. And the only costs taxed by the clerk and incurred by February 5, 2018 were the filing fee and service of the complaint, which totals $614.50. (ECF No. 125, PageID.3702; ECF No. 123-1, PageID.3550, 3553.) So the Court agrees with Barach that Sevy is only entitled to $614.50 in costs.

## II.

Next, Barach claims that he is entitled to the full amount of costs submitted to the clerk under Rule 68 (about $32,000), rather than the costs that the clerk actually awarded under Rule 54(d)(1) ($2,656.20). (ECF No. 127, PageID.3717.) Barach argues that the "Court's Bill of Costs Handbook states 'Costs will be taxed by the clerk in accordance with Fed. R. Civ. P. 54(d)(1).' Here, though, costs must be taxed under

3

Fed. R. Civ. P. 68(d), which provides that [upon] an unsuccessful reject[ion] of a Rule 68 offer, 'offeree must pay the costs incurred after the offer was made.' Fed. R. Civ. P. 68(d)." (ECF No. 127, PageID.3716.) In other words. Barach believes that Rule 68(d) permits him to collect all "reasonable" post-offer costs, rather than just the post-offer costs available under Rule 54. (ECF No. 127, PageID.3717.)

The Court disagrees. The Supreme Court has explained that Rule 68 modifies Rule 54, suggesting that "costs" has the same meaning in both rules. *See Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 351 (1981) (considering various ways Rule 68 might "alter" Rule 54 before choosing one option); *Marek v. Chesny*, 473 U.S. 1, 19 n.8 (1985) (Brennan, J., dissenting) (citing *Delta Air Lines* and noting that "Rule 68 modifies the general cost-shifting provisions set forth in Rule 54(d)"). And other authority suggests that the term "costs" has the same meaning under Rule 54 and Rule 68. *See* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3006 (3d ed. 2022) ("The costs recoverable under Rule 68 are defined in the same way costs are customarily defined; the rule does not provide an independent warrant for recovery of other costs."); *Hedru v. Metro-N. Commuter R.R.*, 433 F. Supp. 2d 358, 360 (S.D.N.Y. 2006) ("[T]he costs included in Rule 68 do not include any cost not authorized under Rule 54[.]"); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 380 (E.D.N.Y. 2004) ("It is clear that the costs recoverable pursuant to Rule 54 are included within the Rule 68 definition of costs."). And Barach provides no authority to the contrary. *See Stokes v. City of Montgomery, Ala.*, 157 F.R.D. 514, 519 (M.D. Ala. 1994) (setting

4

out the Eleventh Circuit's standard for costs and citing cases which did not involve Rule 68).

So Barach is limited to recovering the costs available under Rule 54. And Barach did not dispute the clerk's calculation of costs under this rule. (*See* ECF No. 127.) So the Court finds that Barach is entitled only to the $2,656.20 awarded by the clerk for his post-offer costs. (ECF No. 126.)

### III.

For the reasons stated above, Barach's motion to review the costs taxed by the clerk is GRANTED IN PART and DENIED IN PART. (ECF No. 127.) The Court finds that Sevy is entitled to $614.50 in costs and that Barach is entitled to $2,656.20 in costs.

SO ORDERED.

Dated: November 8, 2022

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE